```
UNITED STATES DISTRICT COURT                    USDC SDNY
SOUTHERN DISTRICT OF NEW YORK                   DOCUMENT ELECTRONICALLY
                                                FILED
                                                DOC#: _____
------------------------------------------- x   DATE FILED: 9-21-16
                                            :
NATHAN CULPEPPER,                           :
                                            :
                         Plaintiff,         :
                                            :   14-cv-6585 (ALC)
            -against-                       :
                                            :   OPINION AND ORDER
CITY OF NEW YORK, et al,                    :
                                            :
                         Defendants.        :
                                            :
------------------------------------------- x
```

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff Nathan Culpepper brings suit against the City of New York ("City"), Detective Robert Henn of the New York City Police Department ("NYPD"), Police Officer John Does #1-3, names and number of whom are unknown at present, and other unidentified members of the NYPD. Plaintiff asserts various constitutional and state common-law claims under 42 U.S.C. § 1983, arising out of his arrest, detention, and prosecution in Bronx County in 2011. All charges were eventually dismissed. Defendants now move for partial summary judgment and to dismiss certain of Plaintiff's claims. For the reasons stated below, Defendants' motion for summary judgment is granted in part and denied in part. Defendants' motion to dismiss Plaintiff's municipal liability claims against the City is granted.

## BACKGROUND

### I.  Factual Background

#### a.  Plaintiff's Arrest and Prosecution

On July 22, 2011, Gerard Jones made a complaint to the New York City Police Department that he had been the victim of a shooting. (Def.'s 56.1, ECF No. 39, ¶ 1.) On August 18, 2011, Plaintiff was arrested for the shooting and transported to the 48th Precinct for

processing. (Def.'s 56.1 ¶ 4.) Detective Robert Henn processed Plaintiff's arrest. (Def.'s 56.1 ¶ 6.) He processed the arrest based off an "I-card" (information card) that had been prepared by Detective Mark Martin and that indicated that there was probable cause to arrest Plaintiff. (Def.'s 56.1 ¶ 6.) In the course of processing Plaintiff's arrest, Henn conducted a line-up, in which Jones identified Plaintiff as the perpetrator of the shooting. (Def.'s 56.1 ¶ 8.)

After processing Plaintiff's arrest, Henn transported Plaintiff to Bronx County Central Booking, where Henn gave the arrest report and complaint report to the Bronx County District Attorney's Office. (Def.'s 56.1 ¶¶ 9-10.) Henn did not forward the lineup report to the District Attorney's Office. (Def.'s 56.1 ¶ 14.) Henn left Bronx County Central Booking and had no further involvement with Plaintiff or the case. (Def.'s 56.1 ¶ 15.)

On August 19, 2011, Plaintiff was arraigned on a criminal complaint sworn out by Jones. (Def.'s 56.1 ¶¶ 11, 16.) Among other charges, he was charged with attempted murder in the second degree, assault in the first degree, criminal possession of a weapon in the second degree, and menacing in the second degree. (Exh. B, Passesser Decl., ECF No. 40.) All charges against Plaintiff were ultimately dismissed, on March 1, 2012. (Def.'s 56.1 ¶ 17.)

Plaintiff does not submit evidence disputing any of Defendants' assertions made in their Local Rule 56.1 statement. (*See* Pl.'s 56.1, ECF No. 43-1.) Instead, he asserts:

> [Plaintiff] lacks information and therefore denies facts 1 through 15 stated by Defendants as being undisputed, except that he was brought to the 48th Precinct at some point on August 18, 2011, that [he] was in a lineup, that someone brought [him] to Bronx County Central Booking.[1]

---

[1] Plaintiff's blanket denial does not comply with Local Rule 56.1, as it does not "specifically controvert" Defendants' proposed undisputed statements of fact and it is not "followed by citation to evidence which would be admissible . . ." Local Civ. R. 56.1(c)-(d). Given Plaintiffs' failure to comply with Local Rule 56.1, the Court could deem admitted all facts asserted by Defendants and not properly controverted by Plaintiffs. *See, e.g., Baity v. Kralik*, 51 F. Supp. 3d 414, 418 (S.D.N.Y. 2014) (collecting cases). However, Plaintiff's failure to comply is largely immaterial, because as discussed below, Henn would be entitled to summary judgment on Plaintiff's malicious prosecution claim and fair trial claim even based on the allegations contained in Plaintiff's complaint.

2

(Pl.'s 56.1.) He does not dispute the facts related to the date of his arraignment and the dismissal of charges against him. (Pl.'s 56.1.)

The facts as alleged in Plaintiff's complaint do not, for the most part, contradict Defendants' Local Rule 56.1 recitation, but he does make additional allegations, specifically: that "Detective Henn and Police Officers instructed Mr. Culpepper's family that if Mr. Culpepper would not turn himself in, he would be shot on sight"; that Henn arrested Plaintiff at the 50th Precinct and transported him to the 48th Precinct; that "Mr. Culpepper did not commit a crime, nor did Det. Henn or Police Officers have reason to believe that he committed a crime"; and that Henn and other police officers "created false evidence" and "forwarded false evidence to prosecutors at the New York County District Attorney's Office." (Second Amd. Compl. ("SAC"), ECF No. 23, ¶¶ 13, 14-16, 19, 46-47.)

### b. Municipal Policies and Practices[2]

Plaintiff alleges that Henn and other police officers acted pursuant to six "customs, practices, procedures and rules" of the City of New York and the NYPD:

> 1) Arresting persons known to be innocent in order to meet 'productivity goals'; 2) falsely swearing out criminal complaints and/or lying and committing perjury during sworn testimony to protect other officers and meet productivity goals; 3) failing to supervise, train, instruct and discipline police officers thereby encouraging their misconduct and exhibiting deliberate indifference towards the constitutional rights of persons within the officers' jurisdiction; 4) discouraging police officers from reporting the corrupt or unlawful acts of other officers; 5) retaliating against officers who report police misconduct; and 6) failing to intervene to prevent the above-mentioned practices when they reasonably could have been prevented with proper supervision.

(SAC ¶¶ 56-57.) He then describes a number of cases in federal and state court, news reports, and findings of commissions, as examples of the six customs, practices, procedures and rules that

---

[2] As Defendants move to dismiss Plaintiff's municipal liability claims pursuant to Fed. R. Civ. P. 12(b)(6), rather than moving for summary judgment on the claim, the Court takes as true for the purposes of this motion all facts alleged in the complaint. *See Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir. 2010).

3

he alleges. (SAC ¶¶ 59-62.) He alleges that the actions of Henn and other police officers resulted from and were taken pursuant to the above-mentioned *de facto* policies and/or well-settled and widespread practices of the City, and that "pursuant to the aforementioned policies, practices and/or customs, Det. Henn and Police Officers felt empowered to arrest [Plaintiff] without probable cause and then fabricate and swear to a false story to cover up their blatant violations of [Plaintiff's] constitutional rights." (SAC ¶¶ 69-70.) In addition, he alleges that pursuant to the aforementioned policies, practices and/or customs, the officers failed to intervene in or report Det. Henn and Police Officers' violations of Mr. Culpepper's rights." (SAC ¶ 70.) Finally, he alleges that "Mr. Culpepper's injuries were a direct and proximate result" of the City's failure to properly supervise, train and discipline its officers. (SAC ¶ 71.)

## II.   Procedural Background

Plaintiff initiated this action against the City of New York and the John Doe police officer defendants on August 18, 2014. (ECF No. 1.) He amended his complaint twice, first on November 10, 2014 (ECF No. 8), and again on February 24, 2015. (ECF No. 23.) In his Second Amended Complaint, he added Detective Henn as a defendant. (ECF No. 23.) He brings claims of false arrest and false imprisonment, failure to intervene, denial of the right to a fair trial, malicious prosecution, and municipal liability. (ECF No. 23.)

On November 20, 2015, this Court granted Defendants permission to move for partial summary judgment, limited to the questions of whether Plaintiff's false arrest claim against Henn was barred by the statute of limitations and whether Henn was entitled to summary judgment on Plaintiff's malicious prosecution and fair trial claims on the ground that he did not initiate Plaintiff's prosecution. (*See* ECF Nos. 29, 35.) The Court also granted Defendants permission to

move to dismiss Plaintiff's municipal liability claims. (*Id.*) The Court now considers Defendants' motion for partial summary judgement and motion to dismiss.

## LEGAL STANDARDS

### I.   Motion for Summary Judgment

Summary judgment is appropriate where "there is no genuine issue as to any material fact and "the moving party is entitled to a judgment as a matter of law." *Cortes v. MTA New York City Transit*, 802 F.3d 226, 230 (2d Cir. 2015) (quoting A*nderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 56(a). Material facts are those facts that may affect the outcome of the case. *Anderson*, 477 U.S. at 248. An issue of fact is "genuine" when a reasonable finder of fact could render a verdict in favor of the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) ("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial.") (internal quotation marks omitted). "[T]he court's responsibility is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir. 1986).

"The party seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists." *Ford v. Reynolds*, 316 F.3d 351, 354 (2d Cir. 2003) (quoting *Marvel Characters v. Simon*, 310 F.3d 280, 285-86 (2d Cir. 2002)). If the moving party meets its burden, the burden shifts to the non-moving party to bring forward "specific facts showing a genuine issue for trial." *Gen. Ins. Co. of Am. v. Starr Indem. & Liab. Co.*, No. 14 Civ. 7354 (JGK), 2016 WL 4120635, at *4 (S.D.N.Y. July 22, 2016) (citation omitted); *see also* Fed. R. Civ. P. 56(c). The non-moving party "may not rest upon mere allegation[s] or denials of his

5

pleadings," *Anderson v*, 477 U.S. at 259. Rather, the non-moving party must "designate specific facts showing that there is a genuine issue for trial," *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986), and these facts must be "admissible in evidence." *Raskin v. Wyatt Co.*, 125 F.3d 55, 66 (2d Cir. 1997) (quoting Fed. R. Civ. P. 56(e)).

### II. Motion to Dismiss Pursuant to Rule 12(b)(6)

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

To decide the motion, the court "may consider facts as asserted within the four corners of the complaint together with the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) (citation and internal quotation marks omitted). The court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *See Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir. 2010). However, the court need not credit "mere conclusory statements" or "threadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 678, 681 (citing *Twombly*, 550 U.S. at 555). The complaint must provide factual allegations sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Port Dock &*

*iStone Corp. v. Oldcastle Northeast, Inc.*, 507 F.3d 117, 121 (2d Cir. 2007) (citing *Twombly*, 550 U.S. at 555).

## DISCUSSION

I. **Motion for Summary Judgment**

a. **Statute of Limitations**

Defendants argues that Plaintiff's false arrest claim against Henn and any other individual defendant is barred by the statute of limitations. "Section 1983 does not provide a specific statute of limitations. Thus, courts apply the statute of limitations for personal injury actions under state law." *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013) (citing *Owens v. Okure*, 488 U.S. 235, 249-51 (1989); *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002)). In New York, Section 1983 actions are subject to a three-year statute of limitations. *Id.*; *see also* N.Y. C.P.L.R. § 214. "[T]he statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato,* 549 U.S. 384, 397 (2007). A claimant is detained pursuant to legal process when, for example, "he is bound over by a magistrate or arraigned on charges." *Lynch v. Suffolk Cnty. Police Dep't, Inc.,* 348 F. App'x 672, 675 (2d Cir. 2009) (quoting *Wallace,* 549 U.S. at 388-89).

Here, Plaintiff was arraigned on August 19, 2011, and thus the statute of limitations period for his false arrest claim began running that day. The statute of limitations expired on August 19, 2014. Plaintiff filed his initial complaint on August 18, 2014, naming only the City of New York and John Doe Police Officers as defendants. (ECF No. 1.) He filed his second amended complaint, naming Henn as a defendant, on February 24, 2015. (ECF No. 23.)

### 1. Detective Henn

"A claim that a statute of limitations bars a suit is an affirmative defense, and, as such, it is waived if not raised in the answer to the complaint." *United States v. Landau*, 155 F.3d 93, 107 (2d Cir. 1998) (quoting *Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc.*, 967 F.2d 742, 751-52 (2d Cir. 1992); *see also* Fed. R. Civ. P. 8(c)(1). This proposition holds true in cases brought pursuant to Section 1983. *See, e.g., Murray v. Goord*, 668 F. Supp. 2d 344, 354 (N.D.N.Y. 2009); *Schryer v. Martin*, No. 11 Civ. 1250, 2013 WL 836686, at *3 (D. Conn. Mar. 6, 2013); *Perez v. City of New York*, No. 01 Civ. 5384, 2007 WL 14486, at *6 (E.D.N.Y. Jan. 3, 2007). Where the defense is not raised in the answer and is instead raised for the first time in a motion for summary judgment, it is waived. *See Landau*, 155 F.3d at 107.

Here, Henn did not assert a defense based on the statute of limitations in his answer. (*See* ECF No. 27.) Thus, he has waived it. While Henn may, as he indicates, move to amend his answer to include the affirmative defense, the Court now DENIES his motion for summary judgment on statute of limitation grounds.

### 2. Yet-To-Be-Named Police Officers

Defendants next argue that the Court should preemptively bar any false arrest claims against any other named individual defendants as untimely. As the Second Circuit has explained:

> Generally, "John Doe" pleadings cannot be used to circumvent statutes of limitations because replacing a "John Doe" with a named party in effect constitutes a change in the party sued. John Doe substitutions, then, may only be accomplished when all of the specifications of Fed. R. Civ. P. 15(c) are met.

*Hogan*, 738 F.3d at 517 (internal citations and quotation marks omitted).

Two provisions in Rule 15(c) are applicable. Under Rule 15(c)(1)(C), an amended pleading that "changes the party or the naming of the party against whom a claim is asserted," *i.e.* changing a John Doe defendant to a named defendant, relates back to the date of the original

8

pleading if: (1) the claim arises out of conduct set out in the original pleading; *and* within the window of service for the original complaint, (2) the new party received such notice of the action that it will not be prejudiced in maintaining its defense; and (3) the new party knew or should have known that the action would have been brought against it, but for a mistake of identity. *Hogan*, 738 F.3d at 517 (citing *Barrow v. Wethersfield Police Dept.*, 66 F.3d 466, 468-69 (2d. Cir. 1995)). It is clear that under Second Circuit precedent, Plaintiff is precluded from amending his complaint to name the John Doe defendants under a "mistake of identity" theory, because "lack of knowledge of a John Doe defendant's name does not constitute a 'mistake of identity.'" *Hogan*, 738 F.3d at 518. Plaintiff could not, therefore, meet the third requirement of Rule 15(c)(1)(C), and so any amendment to name additional officers as defendants pursuant to Rule 15(c)(1)(C) would be futile.

Even where a plaintiff's claims cannot relate back under Rule 15(c)(1)(C), "Rule 15(c)(1)(A) permits an amended pleading to relate back when 'the law that provides the applicable statute of limitations allows relation back.'" *Hogan*, 738 F.3d at 518 (quoting Fed. R. Civ. P. 15(c)(1)(A)). "[T]he statute of limitations for claims brought under Section 1983 is governed by state law, and in *Hogan,* the Second Circuit explained that New York state law 'provides a more forgiving principle of relation back' in the John Doe context, compared to the federal relation back doctrine under Rule 15(c)(1)(C)." *Doe v. New York*, 97 F. Supp. 3d 5, 18 (E.D.N.Y. 2015) (quoting *Hogan*, 738 F.3d at 518). Under that more forgiving provision, CPLR § 1024, a complaint relates back where: "(1) the plaintiff exercised due diligence, prior to the running of the statute of limitations, to identify the defendant by name; and (2) the plaintiff described the John Doe party in such form as will fairly apprise the party that he is the intended defendant." *Id*. (quoting *Hogan*, 738 F.3d at 518) (internal alterations and quotation marks

omitted). "Due diligence in this context requires that a plaintiff show that he or she made timely efforts to identify the correct party before the statute of limitations expired." *Ceara v. Deacon*, 68 F. Supp. 3d 402, 409 (S.D.N.Y. 2014) (citations and internal quotation marks omitted).

Because Plaintiff has not yet identified the John Doe defendants, the Court is not prepared to determine whether, as to them, he satisfies CPLR §1024. Accordingly, the Court will not preemptively bar false arrest claims against any other individually named defendants.

### b. Malicious Prosecution and Fair Trial Claims Against Henn

"In order to state a claim for the tort of malicious prosecution under New York State law, a plaintiff must prove '(1) the initiation or continuation of a criminal proceeding against the plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions.'" *Alcantara v. City of New York*, 646 F. Supp. 2d 449, 457 (S.D.N.Y. 2009) (quoting *Murphy v. Lynn*, 118 F.3d 938, 947 (2d Cir. 1997)). Defendants argue that Henn himself did not initiate or continue the criminal proceeding against Plaintiff and therefore a malicious prosecution claim cannot be sustained.

"There is a presumption that a prosecutor exercises independent judgment in deciding whether to initiate and continue a criminal proceeding." *Alcantara*, 646 F. Supp. at 457 (quoting *Crenshaw v. City of Mount Vernon*, No. 06 Civ. 2722, 2008 WL 4452223, at *8 (S.D.N.Y. Sept. 30, 2008)). However, this presumption may be rebutted where an officer "play[s] an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act," *Manganiello v. City of New York*, 612 F.3d 149, 163 (2d Cir. 2010) (quoting *Rohman v. New York City Transit Authority*, 215 F.3d 208, 217 (2d Cir. 2000)), or "creat[ing] false information likely to influence a jury's decision and forward[ing] the information to prosecutors

or withhold[ing] relevant and material information from the prosecutor." *Barone v. United States*, No. 12 Civ. 4103 (LAK), 2014 WL 4467780, at *17 (S.D.N.Y. Sept. 10, 2014) (quoting *Mitchell v. Victoria Home*, 434 F. Supp. 2d 219, 227 (S.D.N.Y. 2006)) (internal alterations and quotation marks omitted). "[C]ourts have found a triable issue of fact as to the initiation element where the defendant-officer brought formal charges and had the person arraigned, filled out complaining and corroborating affidavits, swore to and signed a felony complaint, or created false information and forwarded it to prosecutors." *Alcantara*, 646 F. Supp. 2d at 457-58 (quoting *Espada v. Schneider*, 522 F. Supp. 2d 544, 553 (S.D.N.Y. 2007)). However, an officer "must do more than report the crime or give testimony" to be found to have initiated the prosecution. *Manganiello*, 612 F.3d at 163; *see also Smith v. City of New York*, No. 04 Civ. 3286 (TPG), 2010 WL 3397683, at *8-9 (S.D.N.Y. Aug. 27, 2010) (no initiation where officer's "only involvement in the prosecution was relaying to the district attorney his observations and the facts known to him regarding plaintiff's arrest and testifying before the grand jury."); *Stukes v. City of New York*, No. 13 Civ. 6166 (NGG), 2015 WL 1246542, at *9 (E.D.N.Y. Mar. 17, 2015) (no initiation where officer forwarded recordings to district attorney and reviewed those recording with district attorney, as this represented "a typical interaction in which a police officer presented evidence to the D.A.'s Office, and the D.A. independently decided whether to bring charges.").

In this case, Henn did not play an active role in the prosecution such that the presumption that the prosecutor exercised independent judgment is overcome. He did not bring formal charges or have Plaintiff arraigned, nor did he fill out any complaining or corroborating affidavits, or swear to or sign a felony complaint. According to Defendants' uncontroverted statement of facts, Henn presented the arrest report and complaint report to the district attorney. (Def.'s 56.1 ¶ 10.) He did not, apparently, even transmit all of the information he had available,

11

as he did not forward the results of the line-up to the district attorney. (Def.'s 56.1 ¶ 14.) Henn's limited interactions with the district attorney's office do not rise to the level of "giving advice and encouragement or importuning the authorities act," *Manganiello*, 612 F.3d at 163, and therefore, the presumption that the district attorney exercised independent judgment upon receiving the information from Henn remains intact.

Plaintiff does allege that Henn and other police officers "created false evidence" and "forwarded false evidence to prosecutors at the New York County District Attorney's Office." (SAC ¶¶ 46-47.) As an initial matter, Plaintiff was prosecuted by the Bronx County District Attorney and so any information transmitted to the New York County District Attorney is irrelevant. Even assuming, however, that the information was transmitted to the Bronx County District Attorney, Plaintiff's allegations are conclusory and devoid of detail and he provides no evidentiary support for them. While Plaintiff protests that he has not yet had the benefit of discovery and so he is unable to present evidence in support of his claim (Pl.'s Opp., ECF No. 43, ¶ 25), his allegations are insufficient to survive even a motion to dismiss. He gives no detail regarding the nature of the false evidence or the manner in which it was forwarded or to whom, specifically, it was forwarded. Plaintiff's allegations amount to "mere conclusory statements," *Iqbal*, 556 U.S. at 678, that do not "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Port Dock & iStone Corp. v. Oldcastle Northeast, Inc.*, 507 F.3d 117, 121 (2d Cir. 2007) (citing *Twombly*, 550 U.S. at 555). These allegations do not suffice to create a triable issue of material fact as to whether Henn created false information and forwarded it to prosecutors, and thus initiated Plaintiff's prosecution. *See Stukes*, 2015 WL 1246542, at *9 ("Plaintiff has failed to plead sufficient facts to allege that the Defendants knowingly forwarded false evidence to the D.A.'s Office, or that they improperly withheld material exculpatory

12

evidence; therefore, Plaintiff may not use these theories to plead that Defendants initiated his criminal case.").

This same paucity of detail dooms Plaintiff's claim for denial of the right to a fair trial "A person suffers a constitutional violation" of his right to a fair trial "if an (1) investigating official (2) fabricates evidence (3) that is likely to influence a jury's decision, (4) forwards that information to prosecutors, and (5) the plaintiff suffers a deprivation of liberty as a result." *Jovanovic v. City of New York*, 486 F. App'x 149, 152 (2d Cir. 2012) (citing *Jocks v. Tavernier*, 316 F.3d 128, 138 (2d Cir. 2003)). As discussed above, Plaintiff presents only conclusory allegations to establish that Henn fabricated evidence and forwarded that information to prosecutors. He also presents no evidence, or even any allegations, to "show causation – i.e., that the alleged fabrication of evidence led to a deprivation of his liberty." *Jovanovic*, 486 F. App'x at 152. Accordingly, Henn is entitled to summary judgment on the fair trial claim, as well as the malicious prosecution claim.

### c. Claims Against Yet-To-Be-Named Defendants

Defendants ask that the Court bar Plaintiff from amending his complaint to bring malicious prosecution or fair trial claims against any other officer. Defendants contend that the statute of limitations for these claims is three years and thus expired no later than March 1, 2015, three years after the date on which charges against Plaintiff were dismissed. (Def.'s Mem., ECF No. 41, 7-8.) For the reasons stated above in relation to the false arrest claim, the Court declines to preemptively bar claims against as-yet-to-be-named individual defendants as untimely.

## II.   Motion to Dismiss

Under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978), a municipality may be held liable under § 1983 when a "policy or custom, whether made by its

lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." To hold a municipality liable under § 1983 for the unconstitutional action of its employees, a plaintiff is required to plead the existence of an official policy or custom that caused the plaintiff to be subjected to a denial of a constitutional right. *Wray v. City of N.Y.*, 490 F.3d 189, 195 (2d Cir. 2007) (quoting *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983)) (internal quotations marks omitted). To survive a motion to dismiss, a plaintiff must first allege at least one of the following:

> (1) a formal policy which is officially endorsed by the municipality; (2) actions taken or decisions made by government officials responsible for establishing municipal policies which caused the alleged violation of the plaintiff's civil rights; (3) a practice so persistent and widespread that it constitutes a "custom or usage" and implies the constructive knowledge of policy-making officials; or (4) a failure by official policy-makers to properly train or supervise subordinates to such an extent that it amounts to deliberate indifference to the rights of those with whom municipal employees will come into contact.

*Chamberlain v. City of White Plains*, 986 F.Supp.2d 363, 390 (S.D.N.Y. 2013). Then, "a plaintiff must establish a causal link between the municipality's policy, custom, or practice and the alleged constitutional injury." *W.A. v. Hendrick Hudson Cent. Sch. Dist. & Kathleen Coughlin*, No. 14 Civ. 8093 (KMK), 2016 WL 1274587, at *9 (S.D.N.Y. Mar. 31, 2016) (citing *Roe v. City of Waterbury*, 542 F.3d 31, 37 (2d. Cir. 2008)). "[A] plaintiff must demonstrate that, through its deliberate conduct, the municipality was the moving force behind the alleged injury." *Roe*, 542 F.3d at 37.

Plaintiff here alleges six customs, policies, or practices, and asserts the City is subject to *Monell* liability under § 1983 under three theories: that government officials established policies that caused the violation of Plaintiff's rights; that certain practices were so widespread that they constituted a "custom or usage"; and that the City failed to train and supervise its employees. Defendants do not, at this point, argue that Plaintiff does not sufficiently allege the policies and

14

practices in question; instead, they argue that none of the policies are the "moving force" behind the violation of any of Plaintiff's rights. (*See, e.g.*, Def.'s Reply, ECF No. 44 ("Even assuming all the policies pled by plaintiff exist, they would not be the moving force behind plaintiff's arrest.")). The Court must agree.

Plaintiff first alleges a custom, policy, or practice of officers falsely swearing out criminal complaints and/or lying and committing perjury during sworn testimony to protect other officers and meet productivity goals. But Plaintiff does not allege that Henn—or any other officer—swore out a criminal complaint or in fact gave any sworn testimony whatsoever. Therefore, any policy related to committing perjury is irrelevant, as there is not a "causal link between the municipality's policy, custom, or practice and [any] alleged constitutional injury" suffered by Plaintiff. *See W.A.*, 2016 WL 1274587.

Plaintiff goes on to allege two more policies, customs, and practices that have little relation to any of his factual allegations: that the City discouraged officers from reporting the corrupt or unlawful acts of other officers; and that it retaliated against officers who reported police misconduct. But Plaintiff does not make any allegations concerning any officers' attempts—or thwarted attempts—to report the corrupt or unlawful acts or misconduct of other officers. Thus, he does not adequately plead a connection between these alleged policies, customs, or practices, and any injuries he suffered.

Plaintiff next alleges that the City had a policy, custom, or practice of arresting persons known to be innocent in order to meet productivity goals. For this to be the "moving force" behind the constitutional injuries inflicted upon Plaintiff, Henn and other officers would have had to arrest Plaintiff to meet a quota and despite knowing that he was innocent. Plaintiff alleges that Gerard Jones pulled a gun on Plaintiff and two shots went off in the apartment, before Jones

15

fled with the gun and fired into Plaintiff's apartment from the street. (Compl. ¶ 11.) Plaintiff further alleges that Detective Henn and other police officers "observ[ed] the gunshots having come from the street into [Plaintiff's] apartment," but that they arrested Plaintiff. (Compl. ¶¶ 12, 15.) Even taking all of these allegations as true, they do not amount to an allegation that Henn and other officers arrested Plaintiff despite knowing him to be innocent in order to meet their productivity goals, as he does not allege that the officers knew Plaintiff was innocent. Put differently, Plaintiff does not sufficiently allege that the custom or practice in question was the "moving force" behind Plaintiff's arrest and subsequent prosecution.

      The same is true for the final two customs, policies, and practices, which relate to officer misconduct: that the City failed to supervise, train, instruct, and discipline officers, thereby encouraging their misconduct; and that it failed to intervene to prevent officers' unlawful practices. Plaintiff cannot establish a causal link between either of these practices and the alleged constitutional injuries he suffered. Plaintiff appears to allege two types of officer misconduct: first, that Henn and other officers told Plaintiff's family that if Plaintiff did not turn himself in, he would be shot on sight, and second, that Henn and other officers "created false evidence" and "forwarded false evidence to prosecutors at the New York County District Attorney's Office." (Compl. ¶¶ 13, 14-16, 19, 46-47.) As to the first alleged type of misconduct, it is outside the scope of the municipal policies, customs, and practices alleged by Plaintiff in his complaint. None of the alleged policies, customs, or practices—those relating to officers' actual behavior or the City's training and intervention—involve the threatening verbal abuse alleged here (*see* Compl. ¶¶ 60-70), and so the Court cannot draw a causal connection between those policies, customs, or practices and any injury suffered by Plaintiff as a result of the officers' threat. As to the second alleged type of misconduct, the transmission of false evidence, it is pled only in

16

conclusory terms, as discussed above. This allegation is insufficient for the purposes of the *Monell* claim, as it does not give Defendants sufficient notice of the allegations and it likewise does not allow the Court to analyze any causal connection between the alleged misconduct and the constitutional injuries suffered by Plaintiff.

Accordingly, all of Plaintiff's *Monell* claims are dismissed.

## CONCLUSION

The Court grants summary judgment as to Plaintiff's malicious prosecution claims and fair trial claims against Henn and denies it as to Plaintiff's false arrest claim against Henn. The Court also dismisses without prejudice Plaintiff's municipal liability claims against the City. Finally, the Court declines to preemptively bar Plaintiff from amending his complaint to name any additional defendants.

The Court will hold a status conference on October 14, 2016, at 10:00 a.m. The parties (and/or counsel) should appear in person in Courtroom 1306 of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY, on the date and time specified above.

This terminates ECF No. 38

**SO ORDERED.**

Dated: September 21, 2016
New York, New York

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**